**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-20424

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ROBERT E. FARNER,

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

May 14, 2001

Before POLITZ and EMILIO M. GARZA, Circuit Judges, and KAZEN, Chief District Judge.[*]

KAZEN, District Judge:

      Robert E. Farner  ("Farner") appeals his conviction for attempting to persuade and entice

a minor to engage in criminal sexual activity in violation of 18 U.S.C. §2422(b).  He argues that

the evidence against him was insufficient as a matter of law based on the defense of legal

impossibility.  We affirm the conviction.

**I**

      The undisputed facts of this case derive from the stipulated evidence at trial.  Farner, an

      [*]Chief Judge of the Southern District of Texas, sitting by designation.

adult male living in Dallas, first met "Cindy" through America Online's Internet service. He sent a real-time instant message to a person using the screen name "CIN136419," who told him that she was a 14-year-old girl named Cindy. Farner sent Cindy a message asking if she was looking for an older man. She responded affirmatively. He then told her that he would like to meet her in person. For the next three months, Farner kept in contact with Cindy through instant messaging, e-mail and telephone calls. During these conversations, Farner attempted to persuade, induce, entice, and coerce Cindy into having sexual relations with him. Farner also sent her four pornographic pictures depicting adults participating in various sexual acts.

After one particular conversation, Farner made arrangements with Cindy to meet in Houston to engage in sexual activity. They agreed to meet at a local restaurant. Farner drove from Dallas to Houston, where he was to attend a medical conference. After checking into a hotel, he drove to the parking lot of the restaurant, where he was confronted and arrested by law enforcement officials. Cindy was, in fact, an adult Federal Bureau of Investigation agent named Kathy Crawford, participating in an undercover sting operation.

At the FBI office, Farner waived his *Miranda* rights and confessed that he had traveled to Houston to meet Cindy. He claimed that he had no specific plans with Cindy, but he would have done anything she wanted to do. He further admitted that he had planned to take her into his hotel room, and that he had discussed sex with her prior to traveling to Houston. A search of his hotel room revealed a box of condoms and a tube of surgilube lubricant.

A federal grand jury indicted Farner for attempting to persuade, induce, entice, and coerce

2

a minor to engage in criminal sexual activity in violation of 18 U.S.C. §2422(b).[1]  Farner waived a

jury and proceeded to trial on stipulated evidence.  The district court found him guilty, and

sentenced him to 15 months' confinement.

On appeal, Farner claims that the district court should have granted his motion for

judgment of acquittal because it was legally impossible for him to have committed the crime since

the "minor" involved in this case was actually an adult.  We review de novo a court's denial of a

motion for judgment of acquittal.  *See United States v. Castaneda-Cantu*, 20 F.3d 1325, 1330

(5th Cir. 1994).

## II

Relying on *United States v. Contreras*, 950 F.2d 232, 237 (5th Cir. 1991), *cert. denied,*

112 S.Ct. 2276 (1992), the district court held that "factual impossibility is not a defense if the

crime could have been committed had the attendant circumstances been as the actor believed them

to be."  The court found beyond a reasonable doubt that Farner believed Cindy to be a minor and

acted on that belief.  On appeal, Farner insists that his defense was not factual impossibility, but

rather legal impossibility.

The distinction between factual and legal impossibility is elusive at best.  *See, e.g., United*

*States v. Everett,* 700 F.2d 900, 905 (3rd Cir. 1983) (stating that the doctrine has become a

---

[1]The statute reads: "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title, imprisoned not more than 15 years or both."  18 U.S.C. §2242(b).  Farner concedes that the computer conversations involved interstate commerce because the messages traveled through an America Online server based in Dulles, Virginia.  He also admits that sexual activity between an adult and an individual under the age of 18 is a felony offense in Texas.  *See* V.T.C.A., Penal Code §§22.011 and 22.021.

3

"source of utter frustration" and a "morass of confusion"). Most federal courts have repudiated the distinction or have at least openly questioned its usefulness. *See Osborn v. United States*, 385 U.S. 323, 333, 87 S.Ct. 429, 434, 17 L.Ed.2d 394 (1966) (questioning whether "the doctrine of 'impossibility' with all its subtleties" should have continued validity); *United States v.Powell*, 1 F.Supp. 2d 1419, 1421 (N.D.Ala. 1998), *aff'd*, 177 F.3d 982 ("In the Eleventh Circuit...traditional factual impossibility/legal impossibility analysis has been discarded"); *United States v. Darnell*, 545 F.2d 595, 597 (8th Cir. 1976) ("[B]eyond the logical problem is the pragmatic: the difficulty of categorization [of the two impossibilities]. The tidy dichotomy of the theoretician becomes obscure in the courtroom"); *United States v. Duran*, 884 F.Supp. 577, 580 n.5 (D.D.C. 1995), *aff'd*, 96 F.3d 1495 (D.C. Cir. 1996) ("[C]ategorizing a case as involving legal versus factual impossibility is difficult, if not pointless"); *United States v. Quijada*, 588 F.2d 1253, 1255 (9th Cir. 1979) (rejecting impossibility defense).

The illusory distinction between the two defenses is evident in the instant case. Thus, Farner says this is a case of legal impossibility because Kathy Crawford was an adult, and the statute does not address attempted sexual activity between adults. On the other hand, the district court viewed the impossibility as factual, because the defendant unquestionably intended to engage in the conduct proscribed by law but failed only because of circumstances unknown to him. We think the latter view is correct.

In any event, this circuit has properly eschewed the semantical thicket of the impossibility defense in criminal attempt cases and has instead required proof of two elements: first, that the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense, and, second, that the defendant had engaged in conduct which

4

constitutes a substantial step toward commission of the crime. The substantial step must be conduct which strongly corroborates the firmness of defendant's criminal attempt. *United States v. Mandujano*, 499 F.2d 370, 376 (5th Cir. 1974); *United States v. Oviedo*, 525 F.2d 881, 885-86 (5th Cir. 1976); *United States v. Contreras, supra*. The Model Penal Code endorses this approach. *See* Model Penal Code §5.01 (1985). In this case, the district court correctly concluded from the stipulated evidence, beyond a reasonable doubt, that Farner intended to engage in sexual acts with a 14-year-old girl and that he took substantial steps toward committing the crime.

We need not hold that there can never be a case of true legal impossibility, although such a case would be rare.[2] The typical definition of that defense is a situation "when the actions which the defendant performs or sets in motion, even if fully carried out *as he desires*, would not constitute a crime." *United States v. Oviedo*, 525 F.2d at 883 (emphasis added). The one case cited by Farner which arguably invokes that doctrine is *United States v. McInnis*, 601 F.2d 1319 (5th Cir. 1979). The defendants there were charged with, among other things, conspiracy to violate the federal kidnapping statute, 18 U.S.C. §1201. The intended scheme of the alleged co-conspirators was to entice the victim to travel into Mexico on his own volition so that he could be kidnaped in Mexico. The co-conspirators "planned neither to cross state or international borders themselves nor to follow the abduction of (the victim) with international travel." *Id*. at 1326. This court concluded that even if the scheme had been implemented exactly as planned, it did not

---

[2]Some courts have used the term "pure legal impossibility." *United States v. Hsu*, 155 F.3d 189, 199 n.16 (3d Cir. 1998) ("Pure legal impossibility is always a defense"). *Accord, In re Sealed Case*, 223 F.3d 775, 779 (D.C. Cir. 2000).

violate the federal kidnapping statute.[1]  The situation in the instant case is quite different.

Defendant Farner's scheme, if fully carried out as he "desired" or "planned," was not to engage in

sexual relations with an adult FBI officer.  By his own stipulation, the person whom he desired to

entice was a 14-year-old girl.  The only reason he failed was because the true facts were not as he

believed them to be.

The judgment is affirmed.

---

[1]The *McInnis* opinion noted that the district court had dismissed the kidnapping count "on the ground of 'legal impossibility.'"  601 F.2d at 1323.  It then analyzed the federal statute and affirmed the dismissal, but did not apply the label of "legal impossibility" or any other label to its analysis.  Another label that could describe the *McInnis* result is the "principle of legality."  Cf. *United States v. Lanier*, 117 S.Ct. 1219, 1225 n.5 (1997) (conduct may not be treated as criminal unless it has been so defined by a competent authority); *United States v. Berrigan*, 482 F.2d 171, 186 (3$^{\text{d}}$ Cir. 1973).