**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-60429
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANNY J VAN VELKINBURGH

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:07-CR-126-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Danny J. Van Velkinburgh was convicted by a jury of violating 18 U.S.C. § 2422(b). He was sentenced to 148 months in prison. Van Velkinburgh now appeals.

Van Velkinburgh first argues that the evidence was insufficient to support his conviction. When reviewing his challenge to the sufficiency of the evidence, this court considers the evidence presented in the light most favorable to the Government to determine whether a rational trier of fact could have found the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

essential elements of the crime beyond a reasonable doubt. *United States v. Lopez-Moreno*, 420 F.3d 420, 437-438 (5th Cir. 2005). In addition, this court resolves all reasonable inferences and credibility determinations in support of the verdict, *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995), and determines whether the jury made a rational decision. *See United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002).

Van Velkinburgh was charged with attempting to persuade, induce, entice, and coerce a person whom he believed to be a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). To prove attempt, the Government must demonstrate that the defendant (1) acted with the culpability required to commit the underlying substantive offense and (2) took a substantial step toward its commission. *See United States v. Farner*, 251 F.3d 510, 513 (5th Cir. 2001) (addressing attempt to violate § 2422(b)).[1] The statute does not require that the sexual contact occur, but that the defendant sought to persuade the minor to engage in that contact. *See Barlow,* 568 F.3d at 219 n.10.

Here, the evidence showed that Van Velkinburgh (1) engaged in sexually charged instant messaging conversations with Madison; ( 2) told Madison that he loved her; (3) discussed the possibility of having sex with Madison; (4) masturbated in front of his webcam for Madison's viewing; (5) arranged a meeting with Madison; and (6) drove to the designated meeting spot. That the jury chose to discredit Van Velkinburgh's testimony that he believed Madison to be an adult and that he did not intend to have sex with her is a determination that this court will not disturb. *See United States v. Delgado*, 256 F.3d 264, 273-74 (5th Cir. 2001). Thus, the evidence was sufficient to support his conviction.

---

[1] The statute also requires that the defendant use a means of interstate commerce in violating the statute. *See* § 2422(b). Van Velkinburgh does not contest that he used the Internet to chat with undercover police officers who presented themselves as a 14-year-old female named "Madison Scruggs." The Internet and email are facilities or means of interstate commerce. *See United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009).

*See Lopez-Moreno*, 420 F.3d at 437-38; *Farner*, 251 F.3d at 513; *Barlow,* 568 F.3d at 219.

Van Velkinburgh avers that district court committed reversible error when it failed to give a curative jury instruction after the prosecutor commented on his failure to call a particular witness. The district court included such an instruction in his jury charge at the close of trial. Assuming arguendo that the prosecutor's comment was improper, Van Velkinburgh's argument that the burden of proof was improperly shifted by the comment is not supported by the record. The district court instructed the jury that Van Velkinburgh was presumed by the law to be innocent, that the law did not require that Van Velkinburgh prove his innocence or produce any evidence, and that the Government had the burden of proving Van Velkinburgh guilty beyond a reasonable doubt. Juries are presumed to follow their instructions. *See Zafiro v. United States*, 506 U.S. 534, 540 (1993). Nor was the remark so prejudicial nor the trial so long that the delay in giving the instruction until the conclusion of the trial rendered it inadequate. *See United States v. Peterson*, 244 F.3d 385, 394 (5th Cir. 2001). Moreover, given the weight of the evidence against Van Velkinburgh, Van Velkinburgh has failed to show that the prosecutor's remark cast serious doubt on the correctness of the jury's verdict. *See United States v. Anchondo-Sandoval*, 910 F.2d 1234, 1237 (5th Cir. 1990).

Van Velkinburgh's challenge to the failure of the district court to instruct the jury on spoliation of evidence is also without merit. The record shows that the Government did not act in bad faith. *See United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000); *United States v. Gibson*, 963 F.2d 708, 711 (5th Cir. 1992) . Accordingly, the judgment of the district court is AFFIRMED.