# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 13, 2011

No. 10-30382
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN RAY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CR-103-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kevin Ray appeals his conviction and sentence for attempting to entice a minor to engage in criminal sexual activity and attempting to produce child pornography in violation of 18 U.S.C. §§ 2422(b) and 2251(a). Ray was sentenced to concurrent terms of 151 months of imprisonment and 10 years of supervised release on count one and 180 months of imprisonment and 10 years of supervised release on count two.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30382

Ray argues that it was legally impossible for him to have committed the charged offenses because the purported minor was actually an undercover adult agent. We rejected this argument in *United States v. Farner*, 251 F.3d 510 (5th Cir. 2001), explaining that the legal impossibility defense does not apply when the defendant's scheme would be an offense "if fully carried out as he 'desired' or 'planned,'" even if that plan is mistaken about the facts. *See id.* at 513.

Ray also asserts that he never believed the purported minor was actually a minor. The Government presented evidence that the purported minor stated in the chat sessions she was 15 years old; that Ray stated in the chat sessions that he would get in trouble because of her age; and that Ray stated after his arrest that he had gone to the park to meet the minor to warn her of the dangers of meeting strangers on the internet, a concern he stated he would not have had if he thought the minor was an adult. By finding Ray guilty, the jury resolved this issue against him.

Ray's argument that the sentence was greater that necessary to achieve the sentencing goals of 18 U.S.C. § 3553 is also unavailing. Ray could not have been sentenced below the mandatory minimum penalties of 120 months for count one or 180 months for count two. *See* 18 U.S.C. §§ 2422(b), 2251(e); *see also United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007). To the extent Ray argues that the district court abused its discretion by not departing downward to 120 months of imprisonment for count one, he has not rebutted the presumption of reasonableness that applies to his 151-month guidelines sentence. *See, e.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

The judgment of the district court is AFFIRMED.