ON WRIT OF CERTIORARI
DICKINSON, Presiding Justice,
for the Court:
¶ 1. Justin David Shaffer was convicted of child-exploitation for soliciting sex from a twenty-nine-year-old female who he thought was thirteen. He argued to the Court of Appeals that he could not be guilty of child-exploitation because no child had been involved in the sting. The Court of Appeals agreed, but reversed and remanded for Shaffer to be sentenced for attempted child-exploitation — a crime for which he was neither indicted nor tried. Because the actual attempt to exploit a child violates the child-exploitation statute, we reverse the Court of Appeals and reinstate and affirm Shaffer’s conviction and sentence.
BACKGROUND FACTS AND PROCEEDINGS
¶ 2. Twenty-nine-year-old Deanna Doolittle attempted to catch sexual predators on the internet by pretending to be thirteen-year-old “Chloe.” She developed a two-month internet relationship with Shaffer, finally agreeing to meet with him at a church in Byram, Mississippi, to have sex. When Shaffer arrived at the church, he was arrested and later indicted and convicted for exploitation of a child.
¶ 3. Because no actual child was involved in the sting, the Court of Appeals reversed and remanded for Shaffer to be sentenced for attempted child exploitation.[1] Shaffer petitioned this Court for a writ of certiora-ri, which we granted. We reverse the Court of Appeals and affirm Shaffer’s conviction and sentence.
ANALYSIS
I.
¶ 4. Mississippi’s child-exploitation statute makes it illegal for anyone to *1072 use “any means including a computer” to “knowingly ... solicit ... a child to meet with the person for purpose of engaging in sexually explicit conduct.”[2] Solicitation is sufficient to violate the statute.
¶ 5. “Solicit” is defined as “the act or an instance of requesting or seeking to obtain something.”[3] And whether the thing solicited actually exists is irrelevant. For instance, a solicitation for money from a pennyless pauper is nonetheless a solicitation. So, Mississippi’s child-exploitation statute is violated when one attempts to exploit a child. Stated another way, Mississippi has no crime of attempted child-exploitation because an attempt to exploit a child is, itself, child-exploitation.
¶ 6. Shaffer clearly was “seeking to obtain” sex from a child when he entered a Yahoo! chat room and began an online relationship with Chloe. These sexually-explicit chats led to a phone conversation in which Shaffer convinced Chloe to meet him at a church in Byram, Mississippi. Shaffer will not now be heard to claim that his mistaken understanding of Chloe’s age mitigates his attempt to have sex with a minor.
¶ 7. The act of solicitation does not require that the thing solicited even exists. For instance, when an owner “solicits” bids from potential contractors, no bids exist at the time of the solicitation — and bids may never exist. And the submission of a deficient bid by a contractor does not change the fact that a bid was solicited. Both Shaffer’s and the owner’s solicitations were complete when the solicitor made it known what they were looking for. Shaffer completed the crime of exploitation of a minor when he solicited sex from a minor — whether or not the person he was talking with was actually a minor.
¶ 8. This is the first time we have addressed this issue, but our decision is in concert with other jurisdictions. For instance, in United States v. Farner, the defendant, Farner, was convicted under federal law[4] for attempting to entice and persuade a minor to engage in criminal sexual activity,[5] even though he incorrectly believed he was making arrangements to meet a fourteen-year-old girl named “Cindy” to engage in sexual activity.[6]
¶ 9. The Fifth Circuit held that Farner had violated 18 U.S.C. § 2422(b), even though “Cindy” was an adult FBI agent.[7] The Court stated, “[djefendant Farner’s scheme, if fully carried out as he ‘desired’ or ‘planned,’ was not to engage in sexual relations with an adult FBI officer. By his own stipulation, the person whom he desired to entice was a 14-year-old girl. The only reason he failed was because the true facts were not as he believed them to be.”[8]
¶ 10. The Minnesota Court of Appeals stated in State v. Coonrod[9] that it would not read into the law a requirement that an actual child be used in a sting operations as part of a police investigation.[10] The Minnesota court compared such sting operations to undercover drug and prosti *1073 tution decoys,[11] stating that it would be a real “consternation” to use actual prostitutes and drug users.[12] We agree.
CONCLUSION
¶ 11. We find that Shaffer committed the crime of exploitation of a child when he solicited sex from “Chloe,” so we reverse the Court of Appeals’ judgment, and we reinstate and affirm the trial court’s conviction and sentence.
¶ 12. THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED. CONVICTION OF EXPLOITATION OF A CHILD AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE BENEFIT OF PAROLE, PAY COSTS OF COURT AND A FINE OF $50,000, WITH CONDITIONS, AFFIRMED.
WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR AND PIERCE, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER, J. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J. KING, J., NOT PARTICIPATING.

. Shaffer v. State, 72 So.3d 1090 (Miss.Ct.App.2010).

. Miss.Code Ann. § 97-5-33(6) (Rev.2006).

. Black's Law Dictionary 1520 (9th ed. 2009).

. 18 U.S.C. § 2422(b) (2000).

. United States v. Farner, 251 F.3d 510, 511 (5th Cir.2001).

. Id.

. Id. at 511, 513.

. Id. at 513.

. State v. Coonrod, 652 N.W.2d 715 (Minn.Ct.App.2002).

. Id. at 723.

. Id.

. id.