11-4206-cr
United States v. Boisvert

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of October, two thousand twelve.

PRESENT:   REENA RAGGI,
                PETER W. HALL,
                DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                        *Appellee*,

                v.                                          No. 11-4206-cr

EUGENE C. BOISVERT,
                        *Defendant-Appellant*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        STEVEN B. RASILE, Mirto & Rasile, LLC, West Haven, Connecticut.

APPEARING FOR APPELLEE:        SANDRA S. GLOVER (Robert M. Spector, *on the brief*), Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on October 12, 2011, is AFFIRMED.

Eugene Boisvert appeals from a judgment of conviction entered after jury trial at which he was found guilty of (1) using a means of interstate commerce to attempt to entice a minor to engage in sexual activity, see 18 U.S.C. § 2422(b); and (2) traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, see id. § 2423(b), (e). Boisvert argues that the district court erred in denying his motion to dismiss the § 2422(b) count. He further contends that his 136-month prison sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  Legal Impossibility

Boisvert moved to dismiss the § 2422(b) count of the indictment on the ground that the target of his sexually explicit internet chatroom messages was not a 14-year-old girl named Jessie, as he believed, but rather an adult detective with the Hartford Police Department. Boisvert acknowledges controlling precedent holding "that the involvement of an actual minor is not a prerequisite to an attempt conviction under [18 U.S.C.] § 2422(b)." United States v. Gagliardi, 506 F.3d 140, 147 (2d Cir. 2007). Insofar as Boisvert points to cases from other circuits recognizing legal impossibility as a valid defense to criminal

2

liability, that truism affords him no relief. Gagliardi made plain that a defendant who, like Boisvert, argues "that he could not have completed the intended crime of enticement because extraneous circumstances unknown to him rendered completion impossible" essentially urges "a defense of factual impossibility." Id. at 146; see also id. at 149 (recognizing as "frivolous on its face" argument that factually impossible substantive charge under § 2422(b) should be construed instead as legally impossible conspiracy charge).

Courts that have distinguished legal from factual impossibility confine the former to situations where the actions set in motion by defendant, "even if fully carried out as he desires, would not constitute a crime." United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001) (emphasis in original; internal quotation marks omitted); see also United States v. Coffman, 94 F.3d 330, 333 (7th Cir. 1996) (Posner, J.) (recognizing that, although "it is not a criminal attempt to try to do what the criminal law does not forbid you to do," attempt is nevertheless criminal where "if completed in accordance with the defendant's understanding of the circumstances [it] would have resulted in a crime"). A defense of legal impossibility would afford Boisvert no relief because the trial evidence makes clear that his plan in sending sexually explicit messages to a presumptive 14-year-old girl, and then traversing state lines to meet her at a public beach, was to engage a minor in sexual conduct.

Boisvert further argues that strict application of Gagliardi raises due process concerns insofar as it leaves a defendant "with a legally defenseless position when defending an attempt to violate [§] 2422." Appellant Br. 10. He posits that a defendant whose actions

3

superficially evince a desire to engage a minor in sexual activity "may simply be role-playing or engaging in fantasy." Id. This argument fails for several reasons. As an initial matter, Gagliardi in no way relieves the government of its burden to prove defendant's intent to engage a minor in sexual activity, nor does it limit a defendant's ability to challenge the sufficiency of that proof or to offer contrary evidence himself. See 506 F.3d at 147. More to the point, Boisvert here did just that, by testifying that his persistent communications of a sexual nature with putative 14-year-old "Jessie" were intended to "scare" her away from internet chatrooms, and that he drove to her home in Connecticut not to accompany her to the beach for sexual purposes, but to inform her parents of her conduct online. The fact that the jury discredited Boisvert's testimony of innocent intent does not mean he was denied the right to present that defense.

Thus, we reject as without merit Boisvert's argument that his § 2422(b) conviction is legally insufficient.

2.    Sentence

    a.    Procedural Error

Boisvert contends that the district court erred in applying a two-level enhancement for obstruction of justice, see U.S.S.G. § 3C1.1, to his Guidelines calculation in light of his trial testimony. "In reviewing a challenge to a district court's application of § 3C1.1, we examine its findings of fact only for clear error, and whether those facts constitute obstruction of justice is a question of law that we review de novo." United States v. Canova, 412 F.3d 331, 356 (2d Cir. 2005).

4

The district court found that Boisvert gave "patently false" trial testimony in maintaining that he drove to Connecticut only to inform the presumed minor's parents about her inappropriate communications with adult strangers. J.A. 206. Boisvert submits that his failure to contact the minor's school or the police instead shows only his lack of planning. As the district court recognized, however, the falsity of Boisvert's trial testimony was confirmed by his own pre-sentence, ex parte letter arguing that the 10-year mandatory minimum sentence was unconstitutional because he was not a predator but simply "a lonely person who was meeting a nonexistent person to go to a public beach." G.A. 53. Despite Boisvert's protestations, therefore, an enhancement was legally warranted. See, e.g., United States v. Canova, 412 F.3d at 357 (stating that enhancement applies when defendant willfully testifies falsely regarding material matters with the specific intent to obstruct justice); United States v. Onumonu, 999 F.2d 43, 47 (2d Cir. 1993) (upholding obstruction enhancement given "inherent incredibility of [defendant]'s trial testimony").

Although Boisvert challenges the sufficiency of the district court's factual findings in support of the obstruction enhancement, we review only for plain error because he did not raise this objection below. See United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (listing plain-error requirements "that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[ed] the fairness, integrity or public reputation

5

of judicial proceedings" (internal quotation marks omitted)); United States v. Villafuerte, 502 F.3d 204, 207–08 (2d Cir. 2007) (holding that "rigorous plain error analysis is appropriate for" unpreserved claims of sentencing errors, including failure to make required findings). The argument fails at the first step of analysis. The district court expressly found that Boisvert willfully and "intentionally testif[ied] falsely concerning numerous material facts" and with the desire "to avoid incarceration" for his crime. J.A. 205. These findings necessarily defeat any claim of error. See United States v. Dunnigan, 507 U.S. 87, 95 (1993) (requiring only that sentencing court make express "finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury"); accord United States v. Lincecum, 220 F.3d 77, 80 (2d Cir. 2000). Indeed, Boisvert effectively concedes the point in referring to the district court's finding that he "perjured himself because he feared incarceration." Appellant Br. 23.

b.     Substantive Reasonableness

Boisvert argues that his 136-month, within-Guidelines sentence is substantively unreasonable because it is "greater than necessary" to achieve its penological purposes. See 18 U.S.C. § 3553(a); United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009) (comparing standard for substantive reasonableness review to "manifest-injustice" and "shocks-the-conscience" standards, which "provide relief only in the proverbial 'rare case'"). Boisvert asserts that, given his lack of criminal history points or prior adult convictions, the only permissible sentence would be the below-Guidelines, statutory minimum of 120 months

6

for his § 2422(b) conviction. In concluding otherwise, the district court noted Boisvert's juvenile commission of child sexual abuse, his failure to accept responsibility for his actions, his obstruction of justice, and his overall risk of recidivism. On this record, we cannot conclude that the challenged 136-month sentence fell outside the broad range of substantively reasonable choices available to the district court. See United States v. Cavera, 550 F.3d 180, 191 (2d Cir. 2008) (en banc); United States v. Jones, 531 F.3d 163, 182 (2d Cir. 2008). Much less can we conclude that only the statutory minimum sentence was substantively reasonable in this case. See United States v. Broxmeyer, --- F.3d ----, 2012 WL 3660316, at *25 (2d Cir. Aug. 28, 2012).

That the defendant in United States v. Gagliardi was sentenced to the then-existing statutory minimum sentence for a conviction under § 2422(b) does not, as Boisvert urges, alter our conclusion. Apart from Boisvert's bare insistence that he did not intend to engage 14-year-old "Jessie" in sexual activity, the record contains no basis from which to conclude that Gagliardi and Boisvert are similarly situated in their history and characteristics, or that Gagliardi committed sexual offenses as a juvenile or perjury during his criminal trial, where his primary defense was entrapment. See United States v. Gagliardi, 506 F.3d at 149; see also United States v. Ebbers, 458 F.3d 110, 129 (2d Cir. 2006) (noting that defendant contrasting sentence with that of similarly situated offender must "credibly argue[] that the disparity in sentences has no stated or apparent explanation" (citing 18 U.S.C. § 3553(a)(6))).

Accordingly, we reject Boisvert's challenges to the reasonableness of his sentence.

The judgment of conviction is AFFIRMED.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, Clerk of Court
</div>