MAXWELL, J„
for the Court:
¶ 1. Tommie Harris challenges the sufficiency of the evidence supporting his child-exploitation conviction. A jury found him guilty of violating Mississippi Code Annotated section 97-5-33(6) (Supp.2012), which prohibits anyone from knowingly enticing, inducing, persuading, seducing, or soliciting a child to meet with him or any other person “for the purpose of engaging in sexually explicit conduct.”[1]
¶ 2. At trial, Harris admitted sending a series of late-night text messages to his girlfriend’s fourteen-year-old daughter expressing his sexual attraction to her and that he wanted to touch her behind. Harris was inside the young girl’s residence, just down the hall from her bedroom, when he sent these messages. Viewing the evidence in the light most favorable to the State, including the nature of the various texts and Harris’s close physical proximity to the child while texting her, the jury could have reasonably inferred Harris was trying to entice or solicit the child to meet him to engage in sexually explicit activity. We therefore affirm Harris’s conviction and sentence.
Background
¶ 3. Harris had been in a long-term relationship with Teresa Gregory. Though Harris did not live with Gregory and her three daughters, he did have a key to her house and was often there — even at times when Gregory was not. Gregory’s oldest daughter referred to Harris as her “step,” *1077 as in stepfather, due to their close relationship.
¶ 4. Late one night, after the oldest daughter had gone to her room to sleep, Harris sent her a text message. Harris, who was down the hall in Gregory’s living room, asked the daughter if she was still awake. When she replied yes, Harris texted that he had something to tell her. Harris then proceeded to send her a series of messages about how he was sexually attracted to her. He mentioned that she was sexy and fine and that he wanted to know if her behind was soft. Harris asked if he could touch her behind. The daughter testified that her initial reaction was that Harris must be joking. But when the messages continued, she rebuked Harris, telling him that he needed to go somewhere and pray and that she thought of him as a father.
¶ 5. The messages ended with Harris instructing the daughter to erase the messages he had just sent. But the daughter did not erase the messages.[2] Instead, the next day she showed them to a woman at church and her mother, who contacted law enforcement. Harris was charged with exploitation of a child in violation of section 97-5-33(6).[3]
¶ 6. A jury trial commenced in the Lowndes County Circuit Court, and at the close of the State’s case-in-chief, Harris moved for a directed verdict. He argued the State had failed to prove child exploitation because his text messages did not support an enticement, inducement, persuasion, or solicitation to meet with Harris to engage in sexually explicit conduct. This motion was denied.
¶ 7. Harris testified in his defense. He maintained that the reason he sent the messages was to shock Gregory into breaking up with him. According to Harris, he had tried several times to break up with Gregory but could not end the relationship because Gregory threatened suicide each time he mentioned leaving her. Harris acknowledged the prurient content of his messages and that he should not have sent them. But he insisted he had not intended to entice or solicit the daughter to meet him to engage in sexual activity.
¶ 8. The jury found Harris guilty of child exploitation. And the circuit judge sentenced Harris to twenty years in the custody of the Mississippi Department of Corrections, with ten years to serve and ten years suspended. He also ordered Harris pay a $50,000 fine, of which $45,000 was suspended, and to register as a sex offender. The circuit court denied Harris’s motion for a judgment notwithstanding the verdict or a new trial.
¶ 9. Harris appeals, arguing his motions for a directed verdict and/or a judgment notwithstanding the verdict should have been granted.
Discussion
¶ 10. Motions for a directed verdict and a judgment notwithstanding the verdict test the sufficiency of the evidence. See Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). When reviewing the denial of either, we “view[ ] the evidence in the light *1078 most favorable to the prosecution” and ask if “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt” based on that evidence. Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Viewing the evidence in this light, we find a rational juror could have found Harris guilty of child exploitation beyond a reasonable doubt.
A. Mississippi’s Child-Exploitation Statute
¶ 11. To find Harris guilty of child exploitation, the jury had to find that Harris, “by any means including computer, [did] knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order a child to meet with [him] or any other person for the purpose of engaging in sexually explicit conduct.” Miss.Code Ann. § 97-5-33(6).
¶ 12. Harris clearly knew he was messaging Gregory’s fourteen-year-old daughter, who by statutory definition was a “child.” See Miss.Code Annotated § 97-5-31(a) (Rev.2006) (explaining that a “child” is “any individual who has not attained the age of eighteen (18) years”). In these messages, he communicated his sexual attraction to her and expressed his desire to engage in sexually explicit conduct with her. “Fondling or other erotic touching of the ... buttocks” is by statutory definition “sexually explicit conduct.” Miss.Code Ann. § 97-5-31 (b)(vi) (Rev.2006). And Harris specifically asked the daughter if her behind was soft and if he could touch it.
¶ 13. Section 97-5-33(6) does not require that any actual, physical sexual act occur. Nor must an actual, confirmed meeting be set or take place. Rather, the mere attempt to exploit a child is enough. As our supreme court recently explained, because “[solicitation is sufficient to violate” section 97-5-33(6), the statute is violated and the crime of exploitation is complete when one attempts to exploit a child. Schaffer v. State, 72 So.3d 1070, 1072 (¶¶ 4-5) (Miss.2011); cf. State v. Farrington, 161 N.H. 440, 20 A.3d 291, 296 (2011) (holding that “[n]owhere in the plain and ordinary meaning” of New Hampshire’s similarly worded child-exploitation statute is there “any requirement that the defendant must explicitly or affirmatively ask the victim to engage in sexual [conduct]”). So the pertinent inquiry is whether Harris, by knowingly communicating to the child his desire to engage in sexually explicit conduct with her, was attempting to entice, induce, persuade, seduce, or solicit the child to meet him to engage in that conduct.
B. Enticement or Solicitation
¶ 14. We realize the State is seldom privy to direct evidence of intent because of the obvious impossibility of peering inside a defendant’s mind. Thus, the question of whether Harris intended to exploit the young child was “a question of fact to be gleaned by the jury.” Shanklin v. State, 290 So.2d 625, 627 (Miss.1974). In evaluating Harris’s underlying intent, the jury was free to consider Harris’s acts, expressions, and declarations coupled with the facts and circumstances surrounding him at the time. Id, Based on the. content of his communications to the child and the particular context in which they were made, we find the jury could have reasonably decided Harris was trying to entice, induce, persuade, seduce, or solicit Gregory’s daughter to meet him for the purpose of engaging in sexually explicit conduct.
¶ 15. The meanings of these charging verbs — entice, induce, persuade, seduce, and solicit — “draw upon the common theme of tempting, attracting or leading someone astray.” Farrington, 161 N.H. *1079 440, 20 A.3d at 296. Indeed, “entice” means “[t]o lure” or “wrongfully solicit.” Black’s Law Dictionary 611 (9th ed.2009). Considering Harris’s late-night communications, which expressed his desire to engage in sexually prohibited conduct with the child and were sent while he was just down the hall from her bedroom, the jury could have reasonably concluded he was attempting to lure or tempt her to meet him to engage in the requested conduct.
¶ 16. We also note that Harris need not have actually succeeded in luring the daughter to meet him to complete the exploitation. As our supreme court recently recognized, the “solicitation” itself— which is defined as “the act or an instance of requesting or seeking to obtain something” — is alone sufficient to violate the child-exploitation statute. Schaffer, 72 So.3d at 1072(5) (quoting Black’s Law Dictionary 1520 (9th ed.2009)). So Harris’s text to the child asking if he could touch her buttocks could qualify as criminal child-exploitation if the jury deemed he was soliciting a sexual encounter -with her, which it obviously did.
¶ 17. For these reasons, we find sufficient evidence supports Harris’s child-exploitation conviction. Thus, we find the circuit judge did not abuse his discretion in denying Harris’s motions for a directed verdict and/or a judgment notwithstanding the verdict.
¶ 18. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF EXPLOITATION OF A CHILD AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN YEARS TO SERVE, TEN YEARS SUSPENDED, AND FIVE YEARS POST-RELEASE SUPERVISION, TO PAY A FINE OF $50,000, WITH $45,000 SUSPENDED, AND TO REGISTER AS A SEX OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.

. The statute also forbids a person to "advise, coerce, or order” a child to meet with him to engage in sexually explicit conduct. Miss. Code Ann. § 97-5-33(6). Because Harris's indictment did not charge him with advising, coercing, or ordering a child to meet with him, these prohibited actions will not be discussed.

. The record does not contain the exact wording of the messages. Though law enforcement attempted to record the messages by taking pictures of the daughter’s phone, the pictures were too distorted for the messages to be legible. But Harris conceded that his messages did in fact contain what the daughter testified they contained — expressions of his sexual attraction to her, questions about her buttocks, and a request to touch her buttocks.

. Harris was also charged with fondling and statutory rape based on other accusations the daughter made during the investigation. The jury found him not guilty of these charges.