# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01222-COA

**AUSTIN KELLY KIRK**                                             **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/08/2024 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL VERDIER CORY JR. |
| | LIZBETH JIMENA VELÁSQUEZ |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALEXANDRA LEBRON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/17/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WEDDLE AND LASSITTER ST. PÉ, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     Austin Kirk appeals from the order of the DeSoto County Circuit Court denying his motion for post-conviction collateral relief (PCR).  Kirk argues that his guilty plea was involuntary and that his trial attorney rendered ineffective assistance of counsel.  Finding no error, we affirm the circuit court's order.

## FACTS

¶2.     In 2020, Kirk asked Becky, the sixteen-year-old sister of his wife, Chloe, for a video of Becky performing oral sex on her boyfriend.[1]  In response to Kirk's requests, Becky sent

---

[1] We use pseudonyms for the names of Kirk's ex-wife and sister-in-law to protect the privacy of the minor involved in this case.

Kirk a video that showed "her next to her boyfriend's penis sticking her tongue out." Kirk also sent Becky two videos of him that were sexual in nature. After Chloe decided to separate from Kirk, Becky told Chloe about Kirk's requests and the videos. When Chloe asked Kirk about Becky's disclosures, Kirk admitted that he had asked Becky for a video of Becky performing oral sex on her boyfriend.

¶3. A DeSoto County grand jury indicted Kirk for one count of child exploitation in violation of Mississippi Code Annotated section 97-5-33(7) (Rev. 2020). Kirk entered a petition to plead guilty to the charge. At the beginning of his plea hearing, Kirk informed the circuit judge that he had taken the time to personally read over his plea petition and to fully review and discuss the petition with his trial attorney. Kirk further informed the circuit judge that his trial attorney had answered all his questions about the plea petition. In addition, Kirk acknowledged he understood that in presenting his plea petition to the circuit court, he was asking the circuit judge to allow him to plead guilty to a felony.

¶4. In setting forth the factual basis for the charge against Kirk, the State maintained that it was prepared to prove the following:

> Kirk did willfully, unlawfully, and feloniously, by any means, including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce or order [Becky], a child under the age of 18 years, to produce any visual depiction of adult sexual conduct or any sexually[]explicit conduct.
>
> Specifically[,] . . . we would show that the victim's mother reported to the Hernando Police Department that this Defendant had sent her daughter, who was 16 at the time, inappropriate pictures and videos of himself conducting sexually[]explicit conduct.
>
> Through the course of the investigation, [officers] also learned that the Defendant had asked the victim in this case to send videos and pictures of her

engaged in sexually[]explicit conduct.  We spoke with the victim[,] and she did admit to that.

Additionally, the wife of the Defendant was able to confirm through text messages where he admitted to asking the 16-year[-]old, which was his wife's sister, to send videos and images of her engaged in sexually[]explicit conduct.

When questioned by the circuit judge, Kirk acknowledged that he had no disagreements with the factual basis provided by the State.

¶5.     The circuit judge ensured that Kirk knew and understood not only the rights he was giving up by pleading guilty but also the minimum and maximum sentences he could receive for his crime.  The circuit judge further ensured Kirk understood that he had "no guaranteed right of parole or early release" and that the circuit judge did not have to accept any plea recommendations from the State.  Kirk informed the circuit judge that no one had attempted to induce or compel him to plead guilty and that he was completely satisfied with the legal advice and services rendered by his trial attorney.  Finally, Kirk admitted to the circuit judge that on the date charged in the indictment, he had committed the crime to which he was pleading guilty.  After finding that Kirk had entered his plea voluntarily, knowingly, and intelligently, the circuit judge accepted Kirk's guilty plea.  The circuit judge sentenced Kirk to serve five years in the custody of the Mississippi Department of Corrections followed by five years of post-release supervision.

¶6.     Kirk filed a timely PCR motion.  In his attached affidavit, Kirk asserted that he "never asked or told [Becky] to create or produce a sexually explicit video."  In addition, Kirk alleged that his trial attorney never explained the exact nature or elements of the charge

3

against him and that, had he understood he "was pleading guilty to enticing a child to make/produce a visual depiction of sexually explicit conduct," he would not have entered his guilty plea. Following an evidentiary hearing, the circuit judge entered an order denying Kirk's PCR motion. Aggrieved, Kirk appeals.

## STANDARD OF REVIEW

¶7. "On review of a circuit court's dismissal or denial of a PCR motion, we decline to reverse unless the circuit court's decision is clearly erroneous. We review questions of law de novo." *Farris v. State*, 394 So. 3d 1028, 1030 (¶4) (Miss. Ct. App. 2024) (citations and internal quotation marks omitted). The defendant bears the burden to prove any factual allegations in support of his PCR motion. *Morgan v. State*, 419 So. 3d 456, 462 (¶10) (Miss. Ct. App. 2025).

## DISCUSSION

¶8. Kirk argues that his guilty plea was involuntary due to his trial attorney's ineffective assistance of counsel. Kirk contends his trial attorney failed to explain that to convict him of child exploitation under Mississippi Code Annotated section 97-5-33(7), the State would have to prove he solicited *the production* of sexually explicit content. Although Kirk does not dispute that he asked Becky to send him sexually explicit content, he denies that he ever asked or told her to make or produce such a video and then to send him that newly created content. As a result, Kirk asserts that his guilty plea was not entered voluntarily, knowingly, and intelligently. Kirk further asserts that his trial attorney's failure to fully understand and explain to him the elements of the indicted charge amounted to ineffective assistance of

4

counsel. According to Kirk, if not for his trial attorney's erroneous legal advice, he would not have pled guilty to the charge of child exploitation.

## I.  The Voluntariness of Kirk's Guilty Plea

¶9.     In considering Kirk's argument on appeal, we acknowledge that

> a guilty plea is binding if entered voluntarily, knowingly, and intelligently. . . . [W]hen this Court examines the voluntariness of a plea, we consider if the defendant knows what the elements are of the charge against him, including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea. Our [Mississippi] Supreme Court has also held that when assessing the voluntariness of a guilty plea,
>
>> the thoroughness with which the defendant was interrogated by the lower court at the time his plea was tendered is the most significant evidence of all. For, without regard to the advice or instruction the defendant may have been given by his attorney, the lower court's questioning and explanations to him of his rights and of the consequences of his plea were sufficient to render the plea voluntary.
>
>> Stated differently, the plea is rendered voluntary when the defendant hears from the trial court what the effects and consequences of his guilty plea will be, despite the advice given to the defendant by his attorney. A PCR movant also bears the burden of proof when claiming that plea was not voluntarily entered. Should a defendant plead guilty under oath in open court, that solemn declaration in open court carries a strong presumption of verity.

*Morgan*, 419 So. 3d at 462-63 (¶¶13-14) (citations and internal quotation marks omitted).

¶10.    Kirk contends that he did not fully understand the elements of the charge against him before he pled guilty and that the State's factual basis for the indicted charge failed to satisfy the statutory requirements for child exploitation. Kirk's indictment mirrored the language of section 97-5-33(7), which states that "[n]o person shall, by any means, including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce or order a child

to produce any visual depiction of adult sexual conduct or any sexually explicit conduct." Miss. Code Ann. § 97-5-33(7). During Kirk's plea hearing, the State provided that it was ready to prove beyond a reasonable doubt that Kirk violated section 97-5-33(7) by asking Becky "to send videos and pictures of her engaged in sexually[]explicit conduct." As previously mentioned, Kirk raised no disagreements with the State's proffered factual basis for his indicted charge.

¶11. Kirk's arguments on appeal focus on the use of "to produce" in section 97-5-33(7). Kirk asserts that the factual basis the State offered showed only that he asked Becky to send him a video she had already created—not that he sought to have her make or "produce" a new video for him. Kirk further asserts that neither his trial attorney nor the circuit judge sufficiently explained the meaning of "produce" to him before he entered his guilty plea. As a result, Kirk alleges that his guilty plea was involuntarily entered.

¶12. The State notes that Kirk appears to argue his act of "merely requesting or receiving an existing video" fails to violate section 97-5-33(7) because "the statute only criminalizes the act of requesting a minor to make a sexually explicit video." We agree with the State, however, that despite Kirk's assertions to the contrary, section 97-5-33(7) encompasses the conduct to which Kirk has admitted.

¶13. As our supreme court has previously explained, "'[s]olicit' is defined as 'the act or an instance of requesting or seeking to obtain something.' And whether the thing solicited actually exists is irrelevant." *Shaffer v. State*, 72 So. 3d 1070, 1072 (¶5) (Miss. 2011) (footnote omitted) (quoting *Solicit*, Black's Law Dictionary (9th ed. 2009)). Mississippi

Code Annotated section 97-5-31 defines "producing" to include "*producing*, directing, manufacturing, *issuing*, *publishing*, morphing or advertising." Miss. Code Ann. § 97-5-31(c) (Rev. 2020) (emphasis added). Black's Law Dictionary further provides that "produce" includes "to create," or "[t]o provide . . . ." *Produce*, Black's Law Dictionary 1462 (12th ed. 2024). Also relevant to Kirk's claims, Black's Law Dictionary defines "issue" as "[t]o send out or distribute officially" and "publish" as "[t]o distribute copies (of a work) to the public." *Issue*, Black's Law Dictionary 995 (12th ed. 2024); *Publish*, Black's Law Dictionary 1490 (12th ed. 2024).

¶14. As discussed, Kirk claims that he merely requested Becky provide him with already-created sexually explicit content. Stated another way, however, Kirk sought to obtain sexually explicit material from a minor child by asking that minor to send out and distribute to him a copy of the material. Kirk's act of soliciting the production, issuance, and publication of sexually explicit content from Becky fell directly within the meaning of "producing" as set out in section 97-5-31(c). In addition, such conduct satisfied the requirements for the crime of child exploitation under section 97-5-33(7). Kirk's indictment clearly and correctly set forth the statutory elements of child exploitation, and the State's recitation of the factual basis for Kirk's charge satisfied those statutory elements. We therefore find no reversible error in the circuit court's determination that Kirk was sufficiently aware of the nature and elements of the charge against him and that he entered his guilty plea voluntarily, knowingly, and intelligently.

## II.     Kirk's Ineffective-Assistance-of-Counsel Claim

¶15. Intertwined with Kirk's challenge to the voluntariness of his guilty plea is his assertion that his trial attorney rendered ineffective assistance. To succeed on his ineffective-assistance-of-counsel claim, Kirk must show that his attorney's "performance was deficient and that there is a reasonable probability that, but for [his attorney's] unprofessional errors, the result of the proceeding would have been different." *Ramsey v. State*, 424 So. 3d 330, 335 (¶16) (Miss. Ct. App. 2025) (citation and internal quotation marks omitted). Generally, "[a] voluntary guilty plea . . . waives claims of ineffective assistance of counsel unless the claim relates to the voluntariness of the plea." *Id.* "[I]n the context of a guilty plea, the defendant 'must demonstrate that his counsel's conduct proximately resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea.'" *Id.* (quoting *Townsend v. State*, 344 So. 3d 858, 862 (¶10) (Miss. Ct. App. 2022)). "[A] strong rebuttable presumption" exists "that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* (internal quotation marks omitted).

¶16. "A defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *Morgan*, 419 So. 3d at 465 (¶27) (quoting *Tate v. State*, 372 So. 3d 1054, 1057 (¶9) (Miss. Ct. App. 2023)). Aside from his own affidavit attached to his PCR motion, Kirk failed to offer any evidence to support his claim of ineffective assistance of counsel. Moreover, upon review of the record, we can find no evidence substantiating Kirk's assertions that his trial attorney provided deficient legal assistance and that the alleged deficiency prejudiced Kirk. In fact, Kirk's own sworn statements in his plea petition and during his plea hearing attested that he was satisfied

with the legal advice and services provided by his trial attorney, he was fully informed of the charge against him and the rights he waived by pleading guilty, he had committed the crime set forth in the indictment, and he entered his guilty plea voluntarily, knowingly, and intelligently.

¶17.   "Solemn declarations in open court carry a strong presumption of verity." *Ramsey*, 424 So. 3d at 333 (¶8).  Given Kirk's sworn statements before the circuit court and the absence of any evidentiary support for his allegations, we find no error in the circuit court's determination that Kirk's ineffective-assistance-of-counsel claim lacked merit.

## CONCLUSION

¶18.   Because we find no clear or reversible error, we affirm the circuit court's order denying Kirk's PCR motion.

¶19.   **AFFIRMED.**

   **BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR.**