# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2011

No. 10-10597

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HARRELL PETTY

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-204

Before GARWOOD, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Harrell Petty was convicted by a jury of one count of being a felon in possession of a firearm, one count of possession with intent to distribute a controlled substance, and one count of possession of a firearm in furtherance of a drug trafficking crime. He asserts three points of error on appeal.[1] First, he

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]In his initial brief, Petty argued that the district court committed plain error when it ordered his federal sentence to run consecutively with three state sentences that were anticipated in pending cases but had not yet been imposed. Petty has since informed the court that his three state cases were dismissed after the federal sentence was imposed. Both parties agree that the issue is moot, and we do not consider it.

No. 10-10597

argues that there was insufficient evidence for a jury to convict him of Count One of his indictment, for being a felon in possession of a firearm, or of Count Three, for possession of a firearm in furtherance of a drug trafficking crime. Petty does not challenge his conviction for possession with intent to deliver a controlled substance, which was Count Two of the indictment. Second, Petty argues that the district court improperly allowed testimony by Officer Ken Schwartz. Third, Petty objects to the admission of evidence of his prior drug-related convictions. As to all three issues, we AFFIRM the judgment of the district court.

**FACTS AND PROCEEDINGS BELOW**

On the evening of March 7, 2009, several Dallas Police Department squad cars received a call in response to suspected criminal activity taking place at or near the Good Luck convenience store located in south Dallas. The Good Luck served food and also functioned as a local hang-out. Officers reported that there were approximately 25-30 people in the vicinity of the store that evening. Upon arrival, Officer Ken Schwartz noticed a parked blue Chevy Malibu. The vehicle attracted his attention because the rear passenger door was open, the engine was running, and no one was in the car. The officers also noticed a male, who was eventually identified as Harrell Petty, walking away from the car towards the Good Luck. Officer Schwartz conceded in his testimony at trial that the persons present at the Good Luck store would have been able to see the police cars coming from approximately one mile away and that the officers did observe people moving away from the scene.

When Officer Schwartz went to secure the vehicle, he noticed a black bag sitting on the front floor on the driver's side and packages of a green leafy

2

No. 10-10597

substance sitting inside the bag. Schwartz identified the substance as marihuana and upon looking in the bag, also observed a white rocklike substance in individual packages that was later determined to be crack cocaine. An officer found a business card in the glove box. The business card belonged to a state agency employee who testified that the date and time written on the card corresponded with the date and time of a meeting he had scheduled with Petty. Police also found a loaded pistol inside the center console of the car. After checking the gun's serial number, officers determined that the gun had been stolen. Officers additionally found a Metro PCS receipt for a cellular phone. The receipt did not have a name on it, but it had a telephone number, and when the officers dialed the phone number, the phone in Petty's pocket began ringing. The receipt was dated from the morning of the previous day. The officers determined that Petty was connected to the Malibu and arrested him. They did not find either a gun or any ammunition on his person when he was searched.

Another officer testified that he found two rental agreements for the car on the vehicle's floorboard. The officer telephoned Anika Johnson, who was listed as the renter on the more recent of the agreements. At trial, Johnson admitted that she rented the car for the purpose of loaning it to her friend Krystal Cooper while Cooper's car was being repaired. Johnson testified that she inspected the outside and the inside of the car for damage at the rental agency and that she did not put any drugs or a gun in the car. The officer testified that he did not say anything to Johnson about a female being seen near the vehicle at the Good Luck, but Johnson testified that when she mentioned that she had loaned the car to Cooper, the officer said that Cooper likely "was the young lady that jumped out." Cooper testified that she went with Johnson

3

No. 10-10597

to rent the car, but that Johnson immediately turned over the car to her. Cooper could not rent a car herself because she did not have a valid driver's license. Cooper testified that neither she nor Johnson inspected the car before leaving the rental agency. Once Cooper was in possession of the car, she met Petty and gave the car to him, although she testified that the car was rented for both of them to use, and not just Petty. Cooper testified that she never saw the vehicle again after she gave it to Petty.

In a superseding indictment in the district court Petty was charged with one count of being a felon in possession of a firearm, one count of possession with intent to distribute a controlled substance, and one count of possession of a firearm in furtherance of a drug trafficking crime. At the close of his jury trial, the district court overruled his objection and ruled that the government could present evidence of Petty's two prior drug convictions. The jury found Petty guilty on all three counts. He was sentenced to a within-guidelines aggregate sentence of 360 months, followed by three years of supervised release.

## DISCUSSION

### I. Sufficiency of the Evidence for Counts One and Three

Petty moved for a judgment of acquittal based on insufficiency of the evidence for each count of the indictment at the close of the government's case-in-chief. He renewed the motion at the close of his case and again after the government presented its rebuttal evidence. On appeal he argues that there was insufficient evidence of convict him of Count One and Count Three. Because Petty adequately preserved this point of error, we review his sufficiency of the evidence claim *de novo*. *United States v. Broadnax*, 601 F.3d 336, 343 (5th Cir. 2010). The jury's decision will be affirmed if "a reasonable trier of fact could find

4

No. 10-10597

that the evidence established guilt beyond a reasonable doubt, and the evidence will be interpreted in a light most favorable to the verdict." *United States v. Hughes*, 602 F.3d 669, 673 (5th Cir. 2010) (internal quotation marks omitted).

On appeal, Petty argues that the government failed to produce sufficient evidence that he knew about the gun found in the center console of the car. He chiefly relies on the testimony by officers at the scene that the car's rear passenger door was open or ajar and the testimony of Anika Johnson that an officer told her that he had seen a young woman jump out of the car. In their testimony, each of the officers present at the scene said that they had not seen a woman exiting the car at the scene nor had they told Johnson that they had seen such a woman. Petty argues that there is strong evidence that the car was jointly occupied on the night of his arrest, and thus under this court's precedent the government was required to point to more than the mere fact that Petty had control or dominion over the car to prove that he was in constructive possession of the gun.

We find that the jury was free to reject the defense's theory that anyone other than Petty was occupying the car. The government produced sufficient evidence to link Petty to the contents of the car, including the business card, telephone receipt matching his telephone number, and the rental agreement with Johnson's name on it that corroborated Cooper's testimony, such that the jury could find that Petty was in constructive possession of the car and the gun and the black bag and its contents on the front floorboard. We thus uphold his conviction on Counts One and Three.

## II. Testimony of Officer Ken Schwartz

At trial, Petty's attorney did not object to the admission of Schwartz's

No. 10-10597

testimony, thus this court reviews the district court's decision to admit his testimony for plain error. *Foradori v. Harris*, 523 F.3d 477, 508 (5th Cir. 2008). For plain error to be found, Petty must show that there was error, that the error was clear or obvious, and that the error affected Petty's substantial rights. *United States v. Barlow*, 568 F.3d 215, 219 (5th Cir. 2009).   In those circumstances, this court will reverse if it is shown that "the error has a serious effect on the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Petty objects to the following portion of Officer Ken Schwartz's testimony, during the prosecution's redirect examination, concerning the gun found in the center console of the Chevy Malibu:

"Q: Was that firearm in a location where – well, what does that location of the firearm that's in a console tell you about the drugs?

A: The two are related.

Q: All right.  Is that a location – if you were going to protect your drugs where would you keep your firearm?

A: I would keep it in the center console."

Petty argues that this testimony was improper either as lay testimony not based upon personal observation or as unqualified expert testimony.   He contends that Schwartz's testimony was the only link between the gun and the drugs and without his testimony, the jury would not have had sufficient evidence to convict Petty for possession of a firearm in furtherance of a drug-trafficking crime.  We hold that Petty has not met the standard for plain error meriting reversal.  Even without Officer Schwartz's testimony, a jury would still have had amply sufficient evidence to find that Petty possessed a firearm in furtherance

of a drug-trafficking crime.   Petty has failed to show any violation of his substantial rights.

### III. Admission of Evidence of Petty's Prior Offenses

Petty preserved his objection to the admission of his prior drug convictions at trial, thus we review the district court's decision to admit the prior convictions for abuse of discretion. *United States v. Sanchez-Hernandez*, 507 F.3d 826, 831 (5th Cir. 2007).

This court uses a two-part test to determine the admissibility of evidence of extrinsic "bad acts."  First, the evidence of the prior offense must be relevant to an issue other than the defendant's character. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978).  Second, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Federal Rule of Evidence 403.  *Id.*

Petty had a conviction from 2004 for unlawful possession with intent to deliver a controlled substance, cocaine, and a 1998 conviction for unlawful delivery of a controlled substance, cocaine.  The district court found that Petty had sufficiently raised the issue at trial of whether he had the requisite state of mind to commit the crimes he was charged with for the evidence of his prior convictions to be relevant.  Specifically, the defense had asked questions about whether the quantity of cocaine found in the car was a quantity consistent with intent to distribute that cocaine and had indicated that the absence of money on Petty's person was incompatible with a person distributing a controlled substance to buyers.

Petty argues that our decision in *United States v. Yeagin* forecloses the admission of his prior drug offenses.  927 F.2d 798 (5th Cir. 1991).  In that case,

No. 10-10597

we held that evidence of Yeagin's nine prior convictions was inadmissible because the evidence was highly prejudicial to the defendant and the convictions were not directly relevant to whether or not he was in constructive possession of contraband. This court stated that "[a] trial judge faced with the problem of admissibility of other crimes evidence should exercise caution and should require the government to explain why the evidence is relevant and necessary on a specific element that the government must prove." *Id.* at 803.

We find that this case is clearly distinguishable from *United States v. Yeagin* for several reasons. Before his trial, Yeagin had offered to stipulate that he had the requisite intent to distribute, and this court expressly acknowledged in its opinion that without that offer of stipulation, the evidence of the five of his convictions that were for drug felonies might have been relevant to show intent. *Id.* at 801. Additionally, the prosecution argued for the first time on appeal that the prior convictions were necessary to prove elements other than those to which Yeagin had agreed to stipulate. *Id.* at 802. In this case, the government only offered the prior convictions for the limited purpose of proving Petty's state of mind, and Petty did not offer to stipulate that he had the required intent.

Petty's prior convictions were for the same offense and for the same drug as he was charged with in the instant case, and he clearly and affirmatively did call into question whether he had the necessary intent for the charge of possession of a controlled substance with intent to distribute. We find that the evidence of Petty's convictions was relevant to an issue other than his character and the probative value of the evidence was not substantially outweighed by undue prejudice. We hold that the district court did not abuse its discretion in admitting the evidence of Petty's prior drug convictions.

No. 10-10597

## CONCLUSION

For the foregoing reasons, the judgement of the district court is affirmed.

AFFIRMED.