# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2011

No. 10-10707
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES GREGORY MORRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-101-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

After a bench trial, James Morris was convicted of two counts of receiving child pornography and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B). He was sentenced to 262 months of imprisonment to be followed by a life term of supervised release. Morris appeals the conviction, arguing that the Government failed to prove the jurisdictional element of the crimes. He argues that under the language of § 2252A, as it existed at the time when the offense was committed, the Government had to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prove that the images were transported in interstate commerce. Thus, Morris reasons, because the Government only presented evidence that the child pornography was downloaded from the Internet, the evidence was insufficient to show that the material actually crossed state lines.

Morris's argument is contrary to our holding that "transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce." *United States v. Runyan,* 290 F.3d 223, 239 (5th Cir. 2002) (internal quotation marks and citation omitted); *see also United States v. Barlow,* 568 F.3d 215, 221-21 n.4 (5th Cir. 2009) (citing *Runyan* as an alternative basis for concluding that proof that images traveled in interstate commerce was not required, albeit under a different statute). His arguments that the evidence did not support his conviction for possession is additionally without merit in light of *United States v. Dickson,* 632 F.3d 186, 189 (5th Cir.), *cert. denied,* 131 S. Ct. 2947 (2011).

For the foregoing reasons, we AFFIRM the judgment of the district court.