# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10243
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS ANTONIO GAMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:15-CR-27-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marcos Antonio Gamez appeals his convictions for production of child pornography and aiding and abetting (count one) and enticement of a child and aiding and abetting (count two), in violation of 18 U.S.C. § 2251(a), 18 U.S.C. § 2422(b), and 18 U.S.C. § 2. In the factual basis for his guilty plea for the production count, Gamez admitted that he produced a visual depiction and that it "was produced using materials that have been mailed, shipped, or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transported in interstate or foreign commerce." With respect to the enticement count, Gamez admitted that he had enticed a minor to engage in sexual activity and that he "used any facility or means of interstate or foreign commerce to do so."

Gamez asserts that the factual basis for count one is insufficient under Federal Rule of Criminal Procedure 11 because he did not admit that the "offense caused the materials to move interstate" in the recent past, as § 2251(a) should be construed to require, and that the factual basis for count two is insufficient because he did not admit that the media he used "moved information across state lines in connection with [his] offense," which § 2422(b) should be construed to require. Relying on the Supreme Court's decision in *Bond v. United States*, 134 S. Ct. 2077 (2014), Gamez contends that a conviction in the absence of such proof impermissibly intrudes upon the police power of the States.

"Rule 11(b)(3) requires a district court taking a guilty plea to make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (footnote omitted). Plain error review applies to Gamez's forfeited objection to the factual basis for his guilty plea. *See id.* To establish plain error, Gamez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate possession and production of child pornography where the

materials used in the production were moved in interstate commerce. *See United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000). We have also held that the internet is a means of facility of interstate commerce under § 2422(b). *United States v. Barlow*, 568 F.3d 215, 220-21 (5th Cir. 2009). The Supreme Court's decision in *Bond* did not abrogate the holdings of these cases. *See United States v. McCall,* __F.3d__, No. 15-10894, 2016 WL 4409292, *4 (5th Cir. Aug. 18, 2016) (§ 2251(a) case). As Gamez concedes, the district court's finding that there was sufficient factual bases for his guilty plea was not a clear or obvious error in light of this caselaw. *See Puckett*, 556 U.S. at 135. He raises the issues to preserve them for further review.

Alternatively, Gamez asserts that *Kallestad* was wrongly decided and that the Commerce Clause does not authorize Congress to impose federal criminal liability where the defendant's conduct is tenuously related to interstate commerce. He further asserts in the alternative that *Barlow* was wrongly decided "because [§ 2422(b)] should be read to exclude [transmissions not related to the instant case]." Finally, he argues, in the alternative, that plain error review should not apply to his forfeited objection to the factual basis of his guilty plea. One panel of this court may not overrule the decision of another absent a superseding en banc or Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002). Accordingly, Gamez is correct that these issues are foreclosed.

The judgment of the district court is AFFIRMED. The Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief, are DENIED.