# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10599
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACK MARTY TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-117-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Jack Marty Taylor was convicted of attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2244(b), and he was sentenced to 120 months of imprisonment. On appeal, he challenges the sufficiency of the evidence to support the conviction, urging that the jury's rejection of his entrapment defense was error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[R]eview for sufficiency of the evidence following a conviction is narrow," and we "will affirm if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Klein*, 543 F.3d 206, 212 (5th Cir. 2008) (internal quotation marks and citation omitted). "[T]he evidence, all reasonable inferences drawn therefrom, and all credibility determinations" are considered "in the light most favorable to the prosecution." *Id*. (internal quotation marks and citation omitted).

To prove attempt, the government must demonstrate that the defendant "(1) acted with the culpability required to commit the underlying substantive offense, and (2) took a substantial step toward its commission." *United States v. Barlow*, 568 F.3d 215, 219 (5th Cir. 2009). To establish a violation of § 2422(b), the government must prove beyond a reasonable doubt that the defendant intended to persuade, induce, entice, or coerce a person whom he believed to be a minor to engage in criminal sexual conduct and "took a substantial step toward that persuasion or enticement." *Id.* "A substantial step is defined as conduct which strongly corroborates the firmness of defendant's criminal attempt." *United States v. Broussard*, 669 F.3d 537, 547 (5th Cir. 2012). (internal quotation marks and citation omitted).

Here, a rational jury could have found that the evidence established the elements of the offense beyond a reasonable doubt. The trial record is replete with sexually explicit text messages Taylor sent to "Bryan," whom he believed to be a 14-year-old boy. More specifically, Taylor's messages to Bryan over the course of several months routinely referenced nakedness, penises, erections, masturbation, showering together, oral sex, and sexual innuendo. Taylor requested to meet Bryan in person at least 40 times during the course of their correspondence and offered on multiple occasions to have him sleep over so

that they could engage in sexual activities.  By arriving at the place and time he had scheduled to pick up Bryan, Taylor took a substantial step toward the commission of the offense.  The evidence overwhelmingly supports Taylor's conviction for attempted enticement of a minor to engage in sexual activity. *See Barlow*, 568 F.3d at 219; *see also United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014); *United States v. Lundy*, 676 F.3d 444, 447 (5th Cir. 2012).

The thrust of Taylor's appellate argument is that he was entrapped.  The jury was instructed on entrapment, so we review that issue under the same sufficiency-of-the-evidence standard, accepting the facts in the light most favorable to the verdict and reversing "only if no rational jury could have found beyond a reasonable doubt either (1) lack of government inducement or (2) predisposition to commit the charged crime." *United States v. Reyes*, 239 F.3d 722, 739 (5th Cir. 2001).

Taylor contends that the prosecution failed to prove his predisposition beyond a reasonable doubt, citing the fact that he had no prior history of offenses involving minors.  He asserts that the evidence demonstrated that (1) he rejected the government agent's initial overtures and attempted to return to lawful conduct, (2) he offered only to mentor Bryan over a shared meal, and (3) he changed topics whenever Bryan referred to sex.

Taylor's contention is unpersuasive.  He mischaracterizes his role and wholly ignores the months-long stream of sexually explicit messages that he sent to Bryan, which establish his eager pursuit of, and sexual discourse with, a person he believed to be a minor. *See United States v. Theagene*, 565 F.3d 911, 919 (5th Cir. 2009); *Reyes*, 239 F.3d at 739.  The evidence additionally shows that Taylor exhibited no hesitation or unwillingness to commit the offense.  As the investigating detective testified, Taylor declined numerous opportunities to disengage and return to lawful conduct. *See Theagene,* 565

No. 16-10599

F.3d at 919-20.  A rational jury could have found that the government proved Taylor's predisposition beyond a reasonable doubt and that he was not entrapped.  *See Theagene*, 565 F.3d at 919; *Reyes*, 239 F.3d at 739.

The district court's judgment is AFFIRMED.