# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11526
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADNAN SHAHZAD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-94-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Adnan Shahzad has appealed his jury conviction of enticement of a child in violation of 18 U.S.C. § 2422(b). Shahzad's arrest resulted from an Internet sting operation in which an officer posed as a 13-year-old girl. The superseding indictment alleged that Shahzad's criminal conduct, if successful, would have constituted a violation of Texas Penal Code § 22.011, which criminalizes sexual assault of a child younger than age 17.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11526

Shahzad contends that the superseding indictment narrowed the scope of Section 2422(b) by alleging that the would-be victim was age 13 and that it was constructively amended by the trial court's instructions and by the Government's arguments, which permitted conviction on the basis of a finding that the victim was younger than age 17.  As Shahzad concedes, our review is for plain error because he failed to object that the indictment had been constructively amended.  *See United States v. Bohuchot*, 625 F.3d 892, 897 (5th Cir. 2010).

"[N]o constructive amendment arises where the evidence proves facts different from those alleged in the indictment, but does not modify an essential element of the charged offense."  *United States v. Munoz*, 150 F.3d 401, 417 (5th Cir. 1998).  It made no difference whether the would-be victim was age 13 or some other age, as long as the Government proved that Shahzad believed she was younger than age 17.  *See* § 22.011(a) & (c)(1); § 2422(b).  There was ample evidence of such belief.  Because there was no error, plain or otherwise, it was not professionally unreasonable for counsel not to lodge an objection. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Shahzad contends that the state statute did not provide federal jurisdiction for the Section 2422(b) charge.  The difference between the age thresholds in the two statutes merely narrows the applicability of the federal statute to the age range proscribed by state law and does not create an irreconcilable conflict between the two statutes.  The district court's jurisdiction was established by showing that Shahzad used facilities of interstate commerce, that is, a cellular telephone and a computer connected to the Internet.  *See* § 2422(b); *United States v. Barlow*, 568 F.3d 215, 220–21 (5th Cir. 2009); *see also United States v. Lopez*, 514 U.S. 549, 559 (1995).  The judgment is AFFIRMED.