# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2022

Lyle W. Cayce
Clerk

No. 21-30559
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIC ETIENNE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CR-308-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Following a jury trial, Eric Etienne was convicted of possession of a firearm by a convicted felon. He was sentenced within the applicable guidelines range to 65 months of imprisonment and three years of supervised release. On appeal, Etienne challenges the district court's admission of his

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Instagram videos, its refusal to give his requested jury instruction, and its characterization of his Louisiana attempted manslaughter conviction as a crime of violence under U.S.S.G. § 4B1.2.

We review the district court's ruling on the Instagram videos for abuse of discretion. *See United States v. Lundy*, 676 F.3d 444, 452 (5th Cir. 2012). The testimony of the New Iberia Police Department officers who screen-recorded the Instagram story and obtained the videos from Facebook satisfied Federal Rule of Evidence 901, which "is not a burdensome standard." *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009); *see* FED. R. EVID. 901(b)(1). Any flaws in their testimony went to the weight of the evidence, not its admissibility. *See United States v. Isiwele*, 635 F.3d 196, 200 (5th Cir. 2011). Etienne thus fails to show that the district court abused its wide discretion. *See Lundy*, 676 F.3d at 452, 454.

Next, in reliance on *United States v. Smith*, 997 F.3d 215 (5th Cir. 2021), Etienne asserts that district court erred in denying his requested jury instruction regarding how the mere touching of a firearm does not establish possession under 18 U.S.C. § 922(g)(1). "This Court reviews the propriety of jury instructions for abuse of discretion, asking whether the charge, as a whole, is a correct statement of law." *United States v. Bennett*, 874 F.3d 236, 242 (5th Cir. 2017) (internal quotation marks and citation omitted). Even if the district court erred in denying Etienne's requested jury instruction, any error was harmless as the video evidence showed that Etienne's conduct went far beyond the mere touching of, or laying his hands or fingers on, a firearm. *See Smith*, 997 F.3d at 221; *see also United States v. Patterson*, 431 F.3d 832, 837 (5th Cir. 2005).

As to Etienne's challenge to the characterization of his attempted manslaughter conviction as a crime of violence, our review is for plain error. *See United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018). To establish

plain error, Etienne must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). Because we have not considered whether Louisiana attempted manslaughter qualifies as a crime of violence, the district court could not have committed a clear or obvious error. *See Puckett,* 556 U.S. at 135; *United States v. Segura,* 747 F.3d 323, 330 (5th Cir. 2014). Further, Etienne's argument that the district court erred by relying solely on the presentence report is unavailing, as the Government has supplemented the record with the pertinent state court records and thus Etienne has not shown that any error affected his substantial rights. *See Puckett,* 556 U.S. at 135.

The judgment of the district court is AFFIRMED.