# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2023

Lyle W. Cayce
Clerk

No. 21-40790

United States of America,

*Plaintiff—Appellee*,

*versus*

Rolando Jasso,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CR-1143-1

Before Stewart, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Rolando Jasso appeals from his conviction for illegal reentry after removal. To prove Jasso was a native and citizen of Mexico, the Government offered into evidence a Mexican birth certificate issued seven years after Jasso's birth. The district court admitted the certificate over objection. The jury found Jasso guilty. We AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-40790

## FACTUAL AND PROCEDURAL BACKGROUND

Rolando Jasso was charged in a one-count indictment with illegal reentry after removal, in violation of 8 U.S.C. § 1326(a) and (b). The complaint and indictment alleged Jasso was a native and citizen of Mexico, had been removed from the United States in 1999, and had been found in Texas without proper documentation in 2020. The Government's evidence included Jasso's Mexican birth certificate that was part of his alien file ("A-file"). Jasso, though, contended he was born in 1971 in Los Arrieros, Texas, near the Mexican border.

Jasso filed a motion *in limine* seeking to bar the introduction of the Mexican birth certificate and a certified English translation.[1] He objected to the authenticity of the document and contended the birth certificate was inadmissible hearsay. At a pretrial conference, his counsel relied on the fact that Jasso's birth was not registered contemporaneously. Jasso's father allegedly obtained the birth certificate in 1978 while the family prepared to relocate to the United States, as his father believed it would be easier to obtain a birth certificate in Mexico rather than in Jasso's alleged birthplace in Texas. Counsel argued the birth certificate was inadmissible hearsay and inherently unreliable because it was not prepared on or near Jasso's 1971 birthdate.

The Government argued the birth certificate was admissible under hearsay exceptions as an ancient document, a public record, or a record of vital statistics. *See* FED. R. EVID. 803(16), 803(8), 803(9). The district court admitted the birth certificate pursuant to Federal Rule of Evidence 803(9) as a public record of vital statistics.

---

[1] We will refer to the two documents collectively.

No. 21-40790

At trial, the Government introduced evidence to show Jasso had no legal status in the United States when he was apprehended in October 2020. The Government introduced the Mexican birth certificate as well as several statements by Jasso saying he was born in Mexico and was a Mexican citizen. The Government argued in its rebuttal that Jasso had made numerous inconsistent statements about his birthplace and citizenship to authorities and used false names on several occasions. Further, no birth certificate from Starr County, Texas, could be found.

The defense introduced the testimony of Jasso's mother, Magdalena Jasso. She testified that, in 1971, she worked as a housekeeper for a midwife in Los Arrieros and that Jasso was born at her employer's home. Magdalena testified she did not register Jasso's birth in Texas because she did not know how to do so. She claimed her husband decided to obtain Jasso's birth certificate in Mexico as part of the family's preparations to move to the United States. She stated she did not tell Jasso he was born in Texas until 1997.

Jasso requested a jury instruction that referred to his claim of being born in Texas and that emphasized the Government had the burden of proving beyond a reasonable doubt he was not born in the United States. The Government objected to the inclusion of the burden of proof language. The district court offered to include only the part of the proposed instruction that Jasso argued he was born in Texas and was, therefore, a United States citizen. Defense counsel did not agree, and the proposed instruction was not given to the jurors. The jury found Jasso guilty.

The district court sentenced Jasso to time served and three years of supervised release. Jasso filed a timely notice of appeal.

No. 21-40790

## DISCUSSION

Jasso's appellate arguments all concern the Mexican birth certificate: (1) the birth certificate was inadmissible hearsay and the Government, therefore, therefore did not meet its burden to prove Jasso was born in Mexico; (2) the birth certificate did not fall under any of the claimed hearsay exceptions; and (3) the birth certificate was inherently untrustworthy because it was made seven years after Jasso's birth. Finally, Jasso challenges the district court's decision to refuse his proposed jury instruction regarding the burden of proof and his assertion that he was born in Texas.

Generally, this court reviews a district court's evidentiary rulings for an abuse of discretion, subject to harmless error review. *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (quotation marks and citation omitted). A different standard of review applies, though, if the claimed error was waived or forfeited. *United States v. Rodriguez*, 602 F.3d 346, 350–51 (5th Cir. 2010). Waived error occurs when a defendant knows of an issue and chooses to forgo or abandon it and is thus unreviewable. *Id.* Forfeited error occurs when a right is not timely asserted and is reviewed for plain error only. *Id.*

To preserve an evidentiary issue for appellate review, a party must timely object to the admission of the evidence and specifically state the grounds for the objection. FED. R. EVID. 103(a)(1). The purpose of the rule is to ensure the party notifies the court as to the nature of the purported error "to alert [the court] to the proper course of action and enable opposing counsel to take corrective measures." *United States v. Seale*, 600 F.3d 473, 485 (5th Cir. 2010) (quotation marks and citation omitted). "A loosely formulated and imprecise objection will not preserve error." *United States v. Jimenez Lopez*, 873 F.2d 769, 773 (5th Cir. 1989).

4

We reject the Government's argument of waiver or forfeiture. Jasso sufficiently preserved the issue of authenticity for appellate review because, in his motion *in limine*, he objected to the authenticity of the birth certificate. *See Seale*, 600 F.3d at 485. While defense counsel did not raise this issue at the pretrial conference, this court has held that an objection is preserved even if the district court "misconstrues or fails to respond" to the original objection. *United States v. Neal*, 578 F.3d 270, 273 (5th Cir. 2009). If the initial objection is specific and clear, the issue is preserved for appeal even when the defendant does not later renew the objection. *See id.* Accordingly, "once a party raises an objection in writing, if he subsequently fails to lodge an oral on-the-record objection, the error is nevertheless preserved for appeal." *United States v. Medina–Anicacio*, 325 F.3d 638, 642 (5th Cir. 2003).

While Jasso's objection to authenticity was not lengthy, it was specific and clear enough to alert the district court and the Government to the existence of the issue. *See Seale*, 600 F.3d at 485. Defense counsel's reference to the challenged exhibit as a birth certificate from Mexico did not concede authenticity; the reference was a proper description of what the exhibit purported to be. Likewise, defense counsel's lack of objection to the admission of a similar, related exhibit did not waive the authenticity objection to the specific, challenged exhibit. The issue is preserved for appeal, and we review the authentication and hearsay issues for abuse of discretion, subject to harmless error review. *See Jackson*, 636 F.3d at 692.

We address the authenticity argument first.

### I.     *Authenticity of the birth certificate*

In his initial brief, Jasso argues the birth certificate was not a self-authenticating foreign document as described in Federal Rule of Evidence 902(3). The Government contends the birth certificate was part of Jasso's A-file and was authenticated by the immigration official who testified about

the file's contents.  Jasso asserts that the Government failed to prove the exhibit was an official, authentic foreign record of Jasso's birth in Mexico.

Federal Rule of Evidence 901(a) requires that evidence must be authenticated or identified.  The introducing party must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a).  That rule provides a non-exclusive list of ways to satisfy this requirement.  FED. R. EVID. 901(b).  "The standard for authentication is not a burdensome one," *Jackson*, 636 F.3d at 693, and "[t]he ultimate responsibility for determining whether evidence is what its proponent says it is rests with the jury." *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009).  Accordingly, "alleged flaws in authentication go to the weight of the evidence instead of its admissibility."  *United States v. Ceballos*, 789 F.3d 607, 618 (5th Cir. 2015) (quotation marks and citation omitted).

The parties agree the Mexican birth certificate is not a self-authenticating foreign public document under Federal Rule of Evidence 902(3).  We agree as well, as the document was not accompanied by a certification from relevant officials that the document was genuine. *See* FED. R. EVID. 902(3); *see also United States v. Montemayor*, 712 F.2d 104, 109 (5th Cir. 1983) (noting a Mexican birth certificate was properly authenticated "by certification of American consular officials").

The Government alternatively argues the document was self-authenticated because it was a domestic record of a regularly conducted activity that was certified by the custodian or another qualified person. *See* FED. R. EVID. 902(11).  The Government introduced the birth certificate as part of the testimony of an employee of the U.S. Citizen and Immigration Services.  The testimony explained the birth certificate was filed into the official, certified A-file as part of Jasso's application for lawful permanent

resident status. In sum, the Government argues that the presence of the birth certificate in the A-file provides sufficient legitimacy. That has not been a form of authentication identified in any of the caselaw cited to us.

There are significant questions as to whether the Government satisfied any of the evidentiary rules for admission of this document. Even if none of those rules apply, admission of the certificate still must have prejudiced Jasso for us to reverse. Instead of resolving the validity of the acceptance of the certificate into evidence, we examine whether admission was harmless.

## II.    *Harmless error*

Even if the district court erred by admitting the birth certificate into evidence, we may affirm if the error was harmless. *See United States v. Okulaja*, 21 F.4th 338, 344 (5th Cir. 2021). Absent a "a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." *Id.* (quotation marks and citation omitted).

Jasso argues the evidence concerning the country of his birth was not overwhelming. He argues his birthplace was the primary issue at his trial, and the Mexican birth certificate was the Government's main proof of his birthplace.

The Government contends the error was harmless because Jasso sought to introduce another exhibit that was a photocopy of the Mexican birth registry, which it claims contained the same information as the birth certificate. Further, the Government argues its other evidence satisfied its burden of proof that Jasso was a Mexican citizen. The Government introduced several earlier statements by Jasso that he was born in Mexico and was a Mexican citizen. The Government also introduced Jasso's A-file, which contained the application for immigration. The Government argued in its rebuttal that Jasso made numerous inconsistent statements about his

birthplace and citizenship to authorities and used false names on several occasions. Further, the evidence presented at trial showed there was no birth certificate for Jasso from Starr County, Texas, his alleged place of birth.

Jasso argues the error was not harmless beyond a reasonable doubt because the Government made the following statements about the existence of the Mexican birth certificate during closing arguments:

> [T]he Defendant was born in Mexico, as seen in the birth certificate. Exhibit 15 and 15A states that he was born in Mexico. So does not — so although a natural born citizen of the United States — if you're born in the United States, you're a United States citizen. This is not the case here.

The Government explicitly referred to the Mexican birth certificate in its closing. Importantly, though, it also discussed other documents admitted into evidence, including Jasso's visa and prior removal proceedings. The Government emphasized two Department of Homeland Security Agents' testimonies regarding Jasso's alien status.

Even if the certificate were improperly admitted into evidence, we find no "reasonable possibility that the improperly admitted evidence[, if any,] contributed to the conviction," and therefore no basis to reverse. *See Okulaja*, 21 F.4th at 344 (quotation marks and citation omitted). Further, the failure to give Jasso's proffered jury instruction about the burden to prove place of birth was harmless.

AFFIRMED.