# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2024

Lyle W. Cayce
Clerk

No. 23-40561
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Posas, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-1076-1

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Juan Posas, Jr., was convicted by a jury of conspiracy to possess with the intent to distribute cocaine and possession of cocaine with the intent to distribute. He now challenges his conviction, asserting numerous errors related to the admission of recordings of Spanish-language phone calls between him and a confidential informant.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40561

He first argues that the admission of the recordings violated his confrontation right under the Sixth Amendment. We review Confrontation Clause errors de novo, subject to harmless-error analysis. *See United States v. Kizzee*, 877 F.3d 650, 656 (5th Cir. 2017). Posas's own statements on the recordings do not implicate the Confrontation Clause. *See United States v. King*, 93 F.4th 845, 851 (5th Cir. 2024), *petition for cert. filed sub nom.*, *Diggs v. United States*, No. 23-7592 (May 30, 2024); *see United States v. Lewis*, 902 F.2d 1176, 1179 n.3 (5th Cir. 1990). As to the informant's statements on the recordings, they "were part of integrated and reciprocal conversations with" Posas; "[a]ccordingly, they provided context to [Posas's] statements, were not admitted to prove the truth of the matters asserted, and did not violate the Confrontation Clause." *King*, 93 F.4th at 851. Moreover, because the challenged statements were not admitted to explain law enforcement's investigatory actions and did not specifically link Posas to the crime, we reject Posas's attempt to rely on *Kizzee*, 877 F.3d at 659-60, and *United States v. Hamann*, 33 F.4th 759, 770-71 (5th Cir. 2022).

For the first time on appeal, Posas contends the recordings were not properly authenticated because the Government did not show that the officer who testified about the content of the recordings was sufficiently familiar with Posas's and the informant's voices to be able to identify them. We review for plain error only. *United States v. Barlow*, 568 F.3d 215, 219 (5th Cir. 2009); *see United States v. Puckett*, 556 U.S. 129, 135 (2009). The officer's testimony showed "some familiarity with" Posas's voice, which is all that is required to give an opinion on the identity of a voice under Federal Rule of Evidence 901(b)(5). *United States v. Thomas*, 690 F.3d 358, 372 (5th Cir. 2012) (internal quotation marks and citation omitted). Moreover, the officer's explanation of the surveillance application used on the informant's cell phone and subscriber information for Posas's phone was sufficient "to make a *prima facie* case that would allow the issue of identity to be decided by

2

the jury," as required by Federal Rule of Evidence 901(b)(6). *First State Bank of Denton v. Maryland Cas. Co.*, 918 F.2d 38, 41 (5th Cir. 1990) (internal quotation marks and citation omitted). Accordingly, Posas has failed to show a clear or obvious error. *See Puckett*, 556 U.S. at 135.

Finally, Posas asserts that the district court erred by failing to give a limiting instruction regarding whether the recordings or the officer's translation of them were to be considered substantive evidence. Because his objection in the district court "was not specific" enough to bring this alleged error to the court's attention, plain error review applies. *United States v. Arnold*, 416 F.3d 349, 355 (5th Cir. 2005); *see United States v. Delgado*, 401 F.3d 290, 299 (5th Cir. 2005). Posas has not cited any precedent requiring a district court to sua sponte give a specific limiting instruction under the circumstances presented here, nor has he shown that any such instruction was required by "the straightforward applications of existing cases." *United States v. Cabello*, 33 F.4th 281, 291 (5th Cir. 2022) (internal quotation marks and citation omitted). Accordingly, his argument fails on plain error review.

AFFIRMED.